J-S42038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD G. GODDARD | : | |
| | : | |
| Appellant | : | No. 487 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 22, 2024
In the Court of Common Pleas of Schuylkill County
Criminal Division at CP-54-CR-0001232-2023

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: DECEMBER 10, 2024**

Ronald G. Goddard (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property.[1]  We affirm.

Appellant appeared for a non-jury trial on January 22, 2024.  The Commonwealth presented testimony from two victims, Christine and Bradley Shafransky, and two Shenandoah Borough Policemen, Officer Leo Luciani and Chief George Carado.  Appellant did not present any witnesses and did not testify.  The trial court summarized the evidence as follows:

> Christine Shafransky testified [that] on July 28, 2023, she received a phone notification from the surveillance cameras installed at 309 West Coal Street in Shenandoah.  The home was owned by Bradley Shafransky, her husband.  It had belonged to his father who had passed away and was thereafter unoccupied since 2020.  The footage from the surveillance cameras showed a

---

[1] 18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(i), 3921(a), and 3925(a).

man in the house, carrying items, and looking in different drawers. There were five images of this man from the night of July 28, 2023. The Shafranskys notified the police of the surveillance images and later reported to the police the following items missing from the house: a 42-inch Toshiba TV, rolled coins, Hess model trucks, model airplanes, an antique radio player, and copper pipe.

Mr. Shafransky also testified for the Commonwealth. With respect to the property, Mr. Shafransky testified that after he gained ownership of the property, he winterized the building and locked it securely. He testified that he never knew … Appellant or gave him permission to be in the building. Mr. Shafransky testified that with respect to the value of all the items he reported missing from the property, he approximated them at $1,650.00. However, the only items that had still been in the house prior to July 28, 2023[,] were the antique radio record player and the commemorative state quarters. With respect to the quarters, Mr. Shafransky testified that there were 50 rolls of quarters, which is $10.00 each, for a value of $500.00 total. He estimated that the radio record player, which he said was an antique, was worth $100.00. Mr. Shafransky testified that the TV, Hess model trucks, model airplanes and copper pipe had been removed from the home by burglars prior to July 28, 2023; he believed this was sometime in May 2023 that these items had been stolen. The theft of these items had prompted Mr. Shafransky to install the surveillance cameras.

Also testifying for the Commonwealth were Officer Leo Luciani of the Shenandoah Borough Police and Police Chief George Carado of the Shenandoah Borough Police. Officer Luciani testified regarding receiving the report of the July 28, 2023 incident and the video surveillance images. Officer Luciani also testified that … Appellant admitted that the video images showed him inside the house. Police Chief Carado testified regarding his knowledge of … Appellant, the investigation of the burglary, and receipt of the video surveillance images. He also testified that Appellant admitted it was him in the video surveillance. Appellant denied to Chief Carado that he had taken anything from the house.

Trial Court Opinion (TCO), 5/31/24, at 2-4 (transcript citations omitted).

The trial court further explained:

Th[e c]ourt found Appellant guilty of the following: Count One, Burglary — Not Adapted for Overnight Accommodation No Person Present; Count Two, Criminal Trespass — Enter Structure; Count Three, Theft by Unlawful Taking — Movable Property; Count Four — Receiving Stolen Property Value of $600.00. Th[e c]ourt found that the value of the stolen property was $600.00, which was the cost of the antique radio player and the commemorative state quarters. On March 22, 2024, [the court] sentenced Appellant to the following under Count One: to pay the costs of the prosecution; to pay restitution for the injured party, Bradley Shafransky, in the amount of $600.00; to pay $50.00 to the Criminal Justice Enhancement Act; to undergo imprisonment for a period of not less than 4 months nor more than 23 months and stand committed until sentence is complied with, the imprisonment to be served at the Schuylkill County Prison and with credit for time served from 8/7/2023 to 9/1/2023 for a total of 26 days; and to obtain a drug and alcohol evaluation and complete all recommended treatment. Counts Two, Three and Four … merged for sentencing purposes.

Appellant timely filed the notice of appeal. Appellant raises three issues in the concise statement of matters complained of on appeal as follows: (1) that the Commonwealth failed to prove the crime of burglary and that [Appellant] could have only been convicted of criminal trespass and not burglary; (2) that the value of the alleged items removed was totally speculative; and (3) the Commonwealth failed to prove beyond a reasonable doubt that the amount involved in the theft was greater than $50 and the theft should be graded as a misdemeanor of the third degree.

*Id.* at 4.

Appellant presents the same questions for our review:

1. Did the Commonwealth prove the crime of burglary?

2. Was the value of the alleged items removed totally speculative?

3. Did the Commonwealth prove beyond a reasonable doubt that the amount involved in the theft was greater than $50.00?

Appellant's Brief at 4.

Appellant's issues challenge the sufficiency of the evidence. This Court's review is deferential. We have explained:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Pedota*, 64 A.3d 634, 635–36 (Pa. Super. 2013) (internal citations omitted).

Appellant argues that the Commonwealth failed to sufficiently prove the crime of burglary, the value of the stolen property, and that the value of the stolen property exceeded $50. Appellant's Brief at 8. The Commonwealth refutes Appellant's argument on the basis of the trial court's opinion. Commonwealth's Brief at 2 (stating the trial court "correctly responded to

- 4 -

Appellant's issues in its opinion" and "the Commonwealth adopts the trial court's opinion by reference").

In his first issue, Appellant claims the Commonwealth failed to prove he committed burglary. The trial court convicted Appellant of burglary defined as when, "with the intent to commit a crime," a person:

> (4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S. § 3502(a).

Appellant asserts, without further explanation, that the Commonwealth "offered no evidence that [A]ppellant intended to commit a crime." Appellant's Brief at 9. Appellant's claim regarding his intent is undeveloped. Therefore, it is waived. **See** Pa.R.A.P. 2119(a)-(b); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (a claim is waived where an appellate brief "fails to develop the issue in any meaningful fashion capable of review").

Appellant also asserts he "could have only been convicted of criminal trespass and not burglary" because the property was abandoned. Appellant's Brief at 10. Appellant emphasizes that no one was "liv[ing] there and the plumbing had been removed." **Id.** However, as the trial court explained:

> Mr. and Mrs. Shafransky were still taking care of the property. It had been Mr. Shafransky's father's home, which Mr. Shafransky inherited upon his death. It was not an abandoned building. Mr. Shafransky testified that he had left items and furnishings in the home that he felt resembled who his father was. The [c]ourt does not find Appellant's argument that it was winterized and the plumbing was gone as being persuasive of not meeting the

- 5 -

elements for second-degree burglary under §[]3502(a)(4). **_See Commonwealth v. Reed_**, 216 A.3d 1114 (Pa. Super. 2019) (upholding a conviction for burglary under § 3502(a)(4) from the break-in of a shed).

TCO at 5 (transcript citations omitted).

Mrs. Shafransky's testimony also contradicts Appellant's abandonment claim. Mrs. Shafransky testified that after her father-in-law died, title to the property was transferred to her husband. N.T., 1/22/24, at 12. She explained that although the property was unoccupied, she had been there six days prior to the July 28, 2023 burglary. **_Id._** at 12-13. In addition, she and her husband installed surveillance cameras on the property. **_Id._** at 10, 13. She explained that the cameras were connected to her phone, and on the evening of July 28, 2023, she received several notifications. **_Id._** at 11. Mrs. Shafransky stated:

> When I pulled the footage up, it showed an individual on the premises carrying items around in the house, looking in different drawers and things like that. And I immediately alerted my husband of the situation, [and] then we alerted the authorities and followed proper protocol from there.

**_Id._** Mrs. Shafransky's testimony corroborates her husband's testimony and demonstrates that the property was not abandoned. Appellant's first issue does not merit relief.

In his second issue, Appellant argues that the $600 value the trial court assigned to the stolen items "was totally speculative." Appellant's Brief at 10. At trial, the Commonwealth introduced the incident report (Report) from the Shenandoah Borough Police Department. N.T. at 21 (introducing Report as

Exhibit 4). The Report contained Mr. Shafransky's inventory of the following missing items:

| | |
|---|---|
| Toshiba TV: | [$]350.00 |
| Copper piping: | [$]250.00 |
| Hess Truck collection | [$]350.00 |
| Radio/Record Player | [$]100.00 |
| Commemorative State quarters: | [$]500.00 |
| Little red tool box: | unkn. |
| **TOTAL VALUE:** | $1,650.00 |

Commonwealth's Exhibit 4.[2]

Appellant disputes the values of $100 for the record player and $500 for the state quarters, which the trial court accepted in ordering Appellant to pay Mr. Shafransky $600 in restitution. *See* TCO at 4. Appellant states "no one testified that they examined the rolls [of quarters] to see [if] there were actually quarters inside." Appellant's Brief at 10. He also asserts the $100 value attributed to the record player was speculative. *Id.* at 11. Appellant attempts to support his claims by stating that Mr. Shafransky "inherited this property and was not the original owner," and "[n]o proof was offered showing the property an estate inventory [*sic*]." *Id.* This issue is unavailing.

Mrs. Shafransky testified that her father-in-law "was a collector" and "knew the values" of his possessions, which he had verbally communicated to

---

[2] Mr. Shafransky clarified that the Toshiba TV, copper piping, and Hess Truck collection were missing prior to the July 28, 2023 burglary, and he described the little red toolbox as "a mystery." N.T. at 24-26, 30-31.

Mr. and Mrs. Shafransky prior to his death. N.T. at 14. Mr. Shafransky testified that the state quarters and record player were at the property when he was there on July 22, 2023. *Id.* at 25. He stated that there were 50 rolls of commemorative quarters (one for each state), and each roll equaled $10. *Id.* at 34-35. He also stated that the record player was worth $100 because it "was an antique." *Id.* at 35.

The trial court found "beyond a reasonable doubt, the value of the property taken was $600." TCO at 6. The court reasoned:

> The only items that the [c]ourt found … Appellant guilty of taking were the antique record player and the commemorative state quarters. As the [c]ourt stated [at the conclusion of trial], "[W]e do believe that the Commonwealth has met their burden of proof. With regards to the burglary that was committed, criminal trespass, and theft by unlawful taking and/or receiving stolen property, [the crimes] were all established — and the value [of the stolen property] is [$]600 — beyond a reasonable doubt. That's ... my finding with regards to the $600." [N.T. at 64-65].
>
> The [c]ourt found the testimony of [Mr.] Shafransky to be credible with respect to the value of the items.

*Id.* As the record supports these findings, Appellant's second issue lacks merit.

Appellant's third issue is similar to his second issue. Appellant argues the Commonwealth failed to prove "the amount involved in the theft" was more than $50. Appellant's Brief at 11. He thus claims his theft conviction "should be graded as a misdemeanor of the third degree." *Id.* at 12.

Appellant's theft conviction was graded as a first-degree misdemeanor because the trial court valued the stolen items at $600. TCO at 7; 18 Pa.C.S.

- 8 -

§ 3903(b).  If, as Appellant argues, the value of the stolen items was less than $50, the theft would be graded as a third-degree misdemeanor.  18 Pa.C.S. § 3903(b)(2).[3]

For the reasons discussed above, the evidence was sufficient for the trial court to find that the stolen property was worth $600.  **See** TCO at 6 (trial court stating "[a]s the trier of fact, this [c]ourt found Mr. Shafransky's testimony regarding the value of the items to be credible regarding his inherited property"); **see also Commonwealth v. Reiss**, 655 A.2d 163, 168 (Pa. Super. 1995) (the Commonwealth is not required to establish the precise value of stolen property).  Accordingly, there is no merit to Appellant's third issue challenging the amount involved in the theft.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/10/2024

---

[3] If the "amount involved was $50 or more but less than $200[,] the offense constitutes a misdemeanor of the second degree."  18 Pa.C.S. § 3903(b)(1).